**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                                      |     |                          |
| ------------------------------------ | --- | ------------------------ |
|                                      | )   |                          |
| YOUNG N. CHO,                        | )   |                          |
|                                      | )   |                          |
|     Plaintiff,   | )   |                          |
|                                      | )   |                          |
|     v.           | )   | No. 17-cv-0453 (KBJ)     |
|                                      | )   |                          |
| MALLON & MCCOOL, LLC, *et al*.,      | )   |                          |
|                                      | )   |                          |
|     Defendant.   | )   |                          |
|                                      | )   |                          |

## MEMORANDUM OPINION

On February 18, 2017, Plaintiff Young Cho filed an eleven-count complaint in D.C. Superior Court alleging that Defendants Steven McCool, Joseph Mallon, and Mallon & McCool, LLC (collectively, "Defendants") committed a series of fraudulent and negligent acts while representing Cho in previous legal proceedings, resulting in purportedly excessive legal fees. (*See generally* Compl., Ex. 2 to Defs.' Notice of Removal, ECF No. 1-2.) Before this Court at present is Cho's motion to stay the case and compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 3, 4. (*See* Pl.'s Mot. to Compel Arbitration and Stay the Case ("Pl.'s Mot."), ECF No. 11-1, at 3.)[1] For the reasons that follow, this Court concludes that because Cho has forfeited any right to arbitration that he may once have possessed, Cho's Motion to Compel Arbitration and Stay the Case must be **DENIED**. A separate Order consistent with this Memorandum Opinion shall follow.

---

[1] Page-number citations to documents the parties have filed refer to the page numbers that the Court's electronic filing system assigns.

DISCUSSION

The Federal Arbitration Act ("FAA") authorizes courts, under certain circumstances, to stay proceedings referable to arbitration and/or compel the parties to arbitrate pursuant to a valid written agreement. *See* 9 U.S.C. §§ 3, 4. Significantly for present purposes, the D.C. Circuit has unequivocally emphasized that the *timing* of a party's request to stay a case pending arbitration matters: it has held that a defendant who seeks a stay pending arbitration under Section 3 of the FAA but "who has not invoked the right to arbitrate on the record *at the first available opportunity*, typically in filing his first responsive pleading or motion to dismiss, has presumptively forfeited that right." *Zuckerman Spaeder, LLP v. Auffenberg*, 646 F.3d 919, 922 (D.C. Cir. 2011) (emphasis added); *see also id.* at 924 ("By this opinion we alert the bar in this Circuit that failure to invoke arbitration at the first available opportunity will presumptively extinguish a client's ability later to opt for arbitration."). However, a party still can "overcome the presumption of having forfeit his right to a stay" if "his conduct in litigation after the first responsive pleading imposed no or little cost upon opposing counsel and the courts." *Id.* at 923; *see also id.*

Additionally, it appears that "[t]he right to arbitration, like any contract right, can be waived[,]" even if it is not forfeited. *Nat'l Found. for Cancer Research v. A.G. Edwards & Sons, Inc.*, 821 F.2d 772, 774 (D.C. Cir. 1987). Such waiver can occur in several ways; for example, through "active participation in a lawsuit[,]" or by taking other actions that are otherwise "inconsistent[] with the arbitration right[,]" *Khan v. Parsons Glob. Servs., Ltd.*, 521 F.3d 421, 424–25 (D.C. Cir. 2008) (internal quotation marks and citations omitted). "In this circuit, the court views the totality of the

2

circumstances [in deciding whether] the defaulting party has acted inconsistently with the arbitration right." *Id.* at 425 (alteration in original) (internal quotation marks and citation omitted). *Compare id.* at 428 (finding that the defendant waived its right to compel arbitration by filing a motion to dismiss, or alternatively, for summary judgment or to compel arbitration, because the defendant's actions were "inconsistent with preserving the right to compel arbitration" notwithstanding the otherwise "limited extent of [the defendant's] litigation activity[,]" and because the plaintiffs had "suffered significant prejudice"), *with Davis Corp. v. Interior Steel Equip. Co.*, 669 F. Supp. 32, 33, 34 (D.D.C. 1987) (holding that subcontractor did not waive right to arbitration by filing an action in federal court to protect against the statute of limitations, or by participating in minimal discovery, where subcontractor "*consistently* maintained that the dispute should be subject to arbitration" (emphasis in original)).

In the instant matter, Cho contends that a stay of this case in order to arbitrate the pending attorneys' fees issues is warranted because both Rule 4 of the Attorney/Client Arbitration Board ("ACAB") Rules and Rule XIII of the Rules Governing the District of Columbia Bar ("Bar Rules") provide that a lawyer is deemed to have agreed to arbitrate a fee dispute whenever a client requests arbitration on that issue. (*See* Pl.'s Mot. at 4.) However, even assuming, *arguendo*, that the ACAB and/or Bar Rules provide a valid basis for Cho to demand arbitration under the FAA—which, by its express terms, requires "an agreement *in writing*" that expresses the parties' assent to arbitration, 9 U.S.C. § 3 (emphasis added); *see also id.* § 4—Cho's motion to stay cannot be countenanced because Cho has not previously asserted his right to

arbitration in the context of this proceeding, and has repeatedly acted inconsistently with an intent to exercise any arbitration right that he may have possessed.

The timeline of Cho's protracted litigation belies any suggestion that Cho invoked arbitration at the first available opportunity. On February 22, 2016, Cho filed a substantially similar eleven-count complaint in D.C. Superior Court, which contained no reference to arbitration. (*See* Compl., Dkt. No. 1-1, in Civ. Action No. 16-cv-0562, at 11–52.) After Defendants removed Cho's case to this Court and filed two motions to dismiss, Cho once again failed to request arbitration, and instead asked for an extension of time to "prepare a response to Defendants' two motions to dismiss" and to obtain the necessary documentation in support thereof. (Pl.'s Second Consent Mot. for Enlargement of Time, Dkt. No. 13, in Civ. Action No. 16-cv-0562, at 2.) Cho then filed two separate oppositions to Defendants' motions to dismiss (*see* Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss Pursuant to Rule 12(b)(1), Dkt. No. 14, in Civ. Action No. 16-cv-0562; Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss Pursuant to Rule 12(b)(6), Dkt. No. 15, in Civ. Action No. 16-cv-0562)—neither of which invoked any right to arbitration—and shortly after Defendants' motions to dismiss became ripe, Cho sought leave to file two sur-replies in further opposition to Defendants' motions; his motions for leave omitted any reference to arbitration (*see* Pl.'s Mot. for Leave to File Sur-Reply in Opp'n to Defs.' Mot. to Dismiss Pursuant to Rule 12(b)(1), Dkt. No. 18, in Civ. Action No. 16-cv-0562; Pl.'s Mot. for Leave to File Sur-Reply in Opp'n to Defs.' Mot. to Dismiss Pursuant to Rule 12(b)(6), Dkt. No. 19, in Civ. Action No. 16-cv-0562). Then, on October 13, 2016, Cho filed a notice of voluntary dismissal of his case (*see* Pl.'s Stipulation of Dismissal Without Prejudice, Dkt. No. 21, in Civ. Action No.

16-cv-0562), yet he did not thereafter seek to arbitrate his claims (*see* Defs.' Opp'n to Pl.'s Mot., ECF No. 13, at 7).

Instead, four months later, on February 18, 2017, Cho initiated the instant action in D.C. Superior Court (*see* Compl.) and, once again, Defendants removed the case to this Court and filed two motions to dismiss (*see* Defs.' Mot. to Dismiss Pursuant to Rule 12(b)(1), ECF No. 3; Defs.' Mot. to Dismiss Pursuant to Rule 12(b)(6), ECF No. 8). In response, Cho did not invoke a right to arbitration; rather, he sought (and received) two extensions of time to prepare oppositions to Defendants' motions. (*See* Pl.'s First Consent Mot. for Enlargement of Time, ECF No. 10; Pl.'s Second Mot. for Enlargement of Time, ECF No. 12.) It was only after more than thirteen months had passed, and after he had initiated two lawsuits, that Cho finally filed the instant motion to stay the case and compel arbitration. (*See* Pl.'s Mot.)

In this Court's view, there is no question that Cho has presumptively forfeited his right to stay the case pursuant to 9 U.S.C. § 3 by failing "to invoke arbitration at the first available opportunity." *Auffenberg*, 646 F.3d at 924. To be sure, the *Auffenberg* court articulated a forfeiture standard applicable when the party requesting arbitration is the *defendant*, and as a result, it is not entirely clear from *Auffenberg* when a *plaintiff's* "first available opportunity" to invoke arbitration occurs. *See also id.* at 922 (explaining that a defendant's first available opportunity is "typically in filing his first responsive pleading or motion to dismiss"). But even assuming, *arguendo*, that a plaintiff's first opportunity to invoke arbitration in the course of litigation can arise sometime after the filing of the complaint, it is clear on the facts of this case that Cho did not invoke his right to arbitrate at the earliest available opportunity; indeed, Cho's

prior lawsuit proceeded for nearly eight months before Cho voluntarily dismissed that action, and even at *that* point, Cho did not seek to arbitrate his claims. (*See* Defs.' Opp'n to Pl.'s Mot., ECF No. 13, at 7.) Moreover, Cho took no steps to arbitrate his claims in the four ensuing months (*see id.*), and instead ultimately opted to initiate the instant action.

Cho insists that this Court should discount this chronology because he "regularly conferred with Defendants to resolve the case by settlement[.]" (Pl.'s Reply Mem. in Supp. of Pl.'s Mot. ("Pl.'s Reply"), ECF No. 14, at 4.) But "that representation is nowhere documented in the record[,]" and it is well established that "a court considering a question of forfeiture is properly concerned only with intentions placed upon the record." *Auffenberg*, 646 F.3d at 923. What the record in this case *does* make crystal clear is that, by failing to assert his right to arbitrate timely, Cho's litigation activities have imposed substantial costs on Defendants and on this Court, which is sufficient to defeat Cho's contention that he is entitled to seek arbitration now. *See id.* (suggesting that a defendant can "overcome the presumption of having forfeit his right to a stay" if "his conduct in litigation after the first responsive pleading imposed no or little cost upon opposing counsel and the courts").

Notably, and for what it is worth, the same facts that give rise to a forfeiture finding as discussed above also demonstrate that Cho has waived any right to arbitrate.[2] Cho's active participation in litigating his claims against these defendants was vigorous

---

[2] The D.C. Circuit appears to have departed from the waiver approach to evaluating Section 3 motions to stay pending arbitration. *See Auffenberg*, 646 F.3d at 922 (noting that, from 1966 through 2008, the Circuit "referred to the question of default exclusively in terms of waiver[,]" but this standard "established few bright-line rules[,]" and thus, "imposed a cost upon both litigants and the district court").

and intentional, as described above.  Furthermore, Cho's current representation that he initiated the February 2016 case "[i]n order to preserve his claims under the statute of limitations" (Pl.'s Reply at 4) is of no moment, because, regardless, Cho actively prosecuted his claims, and did not "*consistently* maintain[] that the dispute should be submitted to arbitration."  *Davis*, 669 F. Supp. at 33 (emphasis in original).

<u>CONCLUSION</u>

Because Cho has failed to invoke arbitration at his first available opportunity and has repeatedly acted inconsistently with any right to arbitrate, he has forfeited any arbitration right he may once have possessed such that his request for arbitration at this juncture cannot be honored.  Accordingly, as set forth in the accompanying Order, Cho's Motion to Compel Arbitration and Stay the Case (ECF No. 11) is **DENIED**.


DATE:  July 11, 2017

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge